W. JONES, J.,
specially concurring.
While I feel constrained by the legal precedent to join the majority, I do so reluctantly because it troubles me that Green is left with no meaningful remedy after being subject to an arrest and search in violation of a plainly worded statute. While Green’s arrest was *893 properly supported by probable cause under the Idaho Constitution, it clearly violated Idaho Code section 49-1407[8]. This statute specifically states that a citizen cannot be arrested for the misdemeanor offense of driving without a valid driver’s license. It is highly unlikely that the Legislature contemplated that an arrest made in violation of this statute could be used as a basis for a search incident to the same. While it is mind-bending to label the search here as one incident to a “lawful” arrest when the arrest plainly violates Idaho law, the Legislature failed to expressly include the constitutional remedy of suppression of evidence to cure a violation of the arrest statute. Although this Court cannot fashion a constitutional remedy for a statutory violation, this lack of a meaningful remedy is especially unsettling in the context of the police-citizen exchange where the distinction between a constitutional and statutory harm is likely beyond the grasp of the average citizen.
Even though the statute here expressly prohibits the arrest of a person for driving with an invalid license, the lack of statutory authority does not negate an officer’s constitutional authority to arrest for a misdemean- or committed in his presence. Thus, I ultimately agree with the majority’s logic and holding. However, I also agree with the trial court’s observations that, absent suppression of evidence, Green is left with no meaningful remedy. In enacting similar arrest statutes, other states specifically provide remedies in the same, such as suppression of evidence or a civil tort action. Idaho Code section 49-1407 does not prescribe any remedies for a citizen who is arrested in violation of the statute. While I would like to read the logical remedy of suppression into this situation, I am constrained by precedent and agree with the majority’s rationale that this Court simply cannot read a constitutional remedy into the statute.
Notwithstanding, I wish to take this opportunity to point out that the commission of any misdemeanor in violation of title 49 of the Idaho Code could subject a driver to an arrest and search without any meaningful remedy. Should a driver commit one of these offenses in the presence of law enforcement, he too could be arrested and searched incident to the same in violation of Idaho Code section 49-1407 without any mechanism to enforce his rights under the same. Such a driver has no remedy for this otherwise “unlawful” arrest and search, especially if this search produces evidence of criminal activity. This is disconcerting. I suspect that most persons will not be upset by the search in this case given that Green was ultimately found to be in possession of contraband. However, my underlying purpose in writing separately is to point out that ordinary, law-abiding citizens should be mindful that they too can be subject to all the accoutrements of arrest (i.e. fingerprinted, photographed, searched) for committing any misdemeanor in an officer’s presence, including those specifically prohibited by the Legislature. The arrest and booking process is invasive, time consuming, and embarrassing. This invasion of a citizen’s rights in violation of the statute, even though not prohibited by the Constitution, is difficult to justify. Had the search of Green turned up no additional evidence of criminal activity, Green would be in a different and less precarious position — but still without a meaningful remedy for these intrusions.
*894 In suppressing the evidence obtained in the search incident to Green’s arrest, the district court cited this Court’s stated purposes for the exclusionary rule: to “provide an effective remedy to persons who have been subjected to an unreasonable government search and/or seizure.” State v. Guzman, 122 Idaho 981, 993, 842 P.2d 660, 672 (1992). However, Guzman does not apply to this action. Because Guzman discusses the exclusionary rule in the context of violations of Article I, Section 17 of the Idaho Constitution, the purposes for the rule discussed necessarily relate to situations where there has been a constitutionally unreasonable search and seizure. Here, Green’s seizure was constitutionally reasonable and there is no legal support for the trial court’s finding that the violation of Idaho Code section 49-1407 amounts to a constitutional violation.
Thus, while the law is clear that there was no constitutional violation in this case, it is troubling that Green, and other potential law-abiding citizens arrested and searched in violation of the same statute, are left with no meaningful remedies for an officer’s violation of the arrest statute. I agree with the expressed concerns of the district court that the majority’s holding essentially transforms Idaho arrest statutes into mere guidelines that the police can disregard with impunity and without risk of liability or suppression of evidence. Given the interpreting cases, however, this Court is not in a position to provide Green with the relief she seeks. Only the Legislature, by expressly including suppression of evidence as a remedy into the statutory scheme, can provide Green and other citizens similarly situated with this remedy. For these reasons, I join the majority’s decision, but seek to emphasize my concerns regarding the absence of fair notice and clarity to the citizens of Idaho, as well as the lack of any real consequences or meaningful remedies for violations of this statute.

. Idaho Code section 49-1407, entitled "When peace officer has option to take person before magistrate,” outlines:
Whenever any person is halted by a peace officer for any misdemeanor violation of the provisions of this title and is not required to be taken before a magistrate, the person shall, in the discretion of the officer, either be given a traffic citation or be taken without unnecessary delay before the proper magistrate as specified in section 49-1411, Idaho Code, in the following cases:
(1)When the person does not furnish satisfactory evidence of identity or when the officer has reasonable and probable grounds to believe the person will disregard a written promise to appear in court.
(2) When the person is charged with a violation relating to the refusal of a driver of a vehicle to submit a vehicle to an inspection and test.
(3) When the person is charged with a violation relating to the failure or refusal of a driver of a vehicle to submit the vehicle and load to a weighing or to remove excess weight therefrom.
I.C. § 49-1407.